48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Elijah GRANT and Sylvia Grant, Plaintiffs-Appellants,
v.
Officer Richard MOLES, in his capacity on the Bolingbrook
Police Department and Chief of Police Ron
Chruszczyk, in his official capacity on
the Bolingbrook Police
Department,
Defendants-
Appellees.
 No. 94-1107.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.[1]
Decided March 9, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs Elijah and Sylvia Grant were the driver and passenger, respectively, in a car stopped by local police for speeding. Plaintiff Elijah Grant received a ticket. He demanded and received a trial, where he maintained that he was driving 27 m.p.h., not 47 m.p.h. Nevertheless, plaintiff was found guilty, and fined $75. He appealed to the Illinois Appellate Court, which affirmed the conviction.[2] Village of Bolingbrook v. Grant, No. 3-92-0863 (Ill.App.1993) (unpublished order). The Illinois Supreme Court denied plaintiff's petition for leave to appeal. Village of Bolingbrook v. Grant, No. 76096 (Ill.Dec. 1, 1993), which denial plaintiff characterizes as a "denial of human rights [and] an abomination equal to the Dred Scott decision."
 
 
 2
 Plaintiffs filed this pro se action[3] pursuant to 42 U.S.C. Sec. 1983, alleging that the stop violated their constitutional rights because the police in Bolingbrook were stopping African-Americans for bogus traffic violations, and that the police department had a racially discriminatory history of misconduct against African-Americans. The district court entered summary judgment in favor of defendants after finding that the issuance of a routine traffic citation did not give rise to a Sec. 1983 action, and that it could not review the state court judgment.[4]
 
 
 3
 The district court lacked jurisdiction over the controversy. Under the Rooker-Feldman doctrine, federal courts have no jurisdiction to review state court determinations. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). A federal plaintiff may not sidestep this jurisdictional rule simply by casting the complaint in the form of a federal civil rights action. Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993), cert. denied, 114 S.Ct. 694 (1994). In this case, the challenge to the traffic ticket was a judicial proceeding, and his present claims are so "inextricably intertwined with the state court's denial in a judicial proceeding," that the federal court is "in essence being called upon to review the state-court decision. This the district court may not do." Feldman, 460 U.S. at 483-484 n. 16. See also Landers Seed Co., Inc. v. Champaign National Bank, 15 F.3d 729 (7th Cir.), cert. denied, 115 S.Ct. 62 (1994); Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993).
 
 
 4
 Plaintiffs ask that we invalidate a state court judgment. The relief plaintiffs seek would effectively reverse the state court ruling that plaintiff was guilty of driving over the speed limit. If every traffic violation involving this type of vague, totally unsupported claim of race discrimination could be brought in a federal court, it would make "these tribunals into local traffic courts." State of North Carolina v. Ivory, 906 F.2d 999, 1002 (4th Cir.1990) (holding that plaintiff cannot remove to federal court his state criminal prosecution arising out of traffic accident while driving in a military convoy).
 
 
 5
 Because the district court lacked subject matter jurisdiction, we VACATE the summary judgment order and REMAND with instructions to dismiss for lack of jurisdiction.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 The court stated that plaintiff had failed to provide a report of proceedings or bystander's report (even given additional time to do so) and, in the absence of an adequate record, it presumed the trial court had sufficient grounds to support its determination
 
 
 [3]
 Plaintiff has also sought relief from the State of Illinois Board of Ethics, Sheriff of Will County, Illinois Judicial Inquiry Board, four United States district judges, the Governor of Illinois, Senator Paul Simon, the ACLU, and the Illinois Department of Human Rights
 
 
 [4]
 The plaintiffs' brief is sadly lacking in citation to any legal authority, and is filled with unfounded and irrelevant comments, tossing accusations against defendants, the Illinois trial court judge, the Illinois Appellate Court, and the federal district court judge. Such briefs, even from pro se litigants, are unacceptable. See John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 498 U.S. 821 (1990). In view of our dismissal for lack of subject matter jurisdiction, however, we need not strike the brief